# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHERYL WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION 15-0164-WS-N** |
| | ) |
| **WELLS FARGO HOME** | ) |
| **MORTGAGE, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the defendants' motion to certify a question of law to the Alabama Supreme Court. (Doc. 44). The plaintiff has filed a response and the defendants a reply, (Docs. 46, 47), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

According to the amended complaint, (Doc. 17), Federal National Mortgage Association ("Fannie Mae") owned the mortgage loan on the plaintiff's residence. Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") acted as loan servicer. When the loan fell into default, the mortgage was assigned to Wells Fargo, for the sole purpose of enabling Wells Fargo as servicer to conduct a foreclosure sale on Fannie Mae's behalf. Possession of the note was also transferred to Wells Fargo for the same sole purpose. Fannie Mae purchased the property at foreclosure, in an amount that just satisfied the indebtedness, and received from Wells Fargo (acting on Fannie Mae's behalf) a foreclosure deed. Pursuant to the prior agreement of Fannie Mae and Wells Fargo, possession of the

note automatically reverted to Fannie Mae after the sale; despite temporarily parting with possession, Fannie Mae at all times remained owner of the note.

The plaintiff timely vacated the property and at all relevant times retained her statutory right of redemption. Within the redemption period, Fannie Mae sold the property to a third party for approximately $122,000 more than the plaintiff's indebtedness. The plaintiff brought suit under Alabama law, seeking to recover this excess.

The defendants removed the action from state court on the basis of diversity. (Doc. 1). They then moved to dismiss, raising as one ground that Alabama law imposes no duty on a mortgagee to pay to its mortgagor any excess over the indebtedness which the mortgagee receives on resale of the foreclosed property within the redemption period. (Doc. 18 at 6-7). The Court denied the motion to dismiss. (Doc. 34). Alabama law requires a mortgagee that purchases mortgaged property at foreclosure, and that then resells the property to a third party during the redemption period for more than it bid, to apply the excess to reduce the mortgagor's debt. *Springer v. Baldwin County Federal Savings Bank*, 562 So. 2d 138, 139 (Ala. 1089). Alabama law also requires a mortgagee that receives more than the amount of indebtedness at a foreclosure sale to deliver the excess to the mortgagor. *Davis v. Huntsville Production Credit Association*, 481 So. 2d 1103, 1106 (Ala. 1985). Especially because both results derive from the mortgagee's status as "trustee" for the mortgagor, *Springer*, 562 So. 2d at 139, 140, the Court concluded that the Alabama Supreme Court would overlay *Springer* with *Davis* and require a mortgagee to deliver to its mortgagor the excess over indebtedness received at a resale within the redemption period.

## DISCUSSION

Alabama procedure permits a federal court to certify to the Alabama Supreme Court questions of state law "which are determinative of said cause and [as to which] there are no clear and controlling precedents" from the Supreme

Court.  Ala. R. App. P. 18(a).  The defendants, having lost their motion to dismiss, now propose that the Court certify the following question:  "Is a mortgagee, upon a profitable sale to a third party within the statutory redemption period, required to remit to the mortgagor amounts in excess of the mortgage debt?"  (Doc. 44 at 3).

"The decision whether to certify a question of state law to a state supreme court is committed to this court's discretion …."  *Smigiel v. Aetna Casualty & Surety Co.*, 785 F.2d 922, 924 (11th Cir. 1986).  "In determining whether to exercise our discretion in favor of certification, we consider many factors."  *State of Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 274 (5th Cir. 1976).  "The most important are the closeness of the question and the existence of sufficient sources of state law – statutes, judicial decisions, attorney general's opinions – to allow a principled rather than conjectural conclusion."  *Id*. at 275.  "But also to be considered is the degree to which considerations of comity are relevant in light of the particular issue and case to be decided," which includes "the likelihood of the recurrence of the particular legal issue."  *Id.* & n.29.  "And we must also take into account practical limitations of the certification process:  significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court."  *Id*. at 275.[1]

Other factors merit consideration as well.  Because Rule 18(a) limits certification to questions that are "determinative of said cause," certification is inappropriate if the question "would not be dispositive."  *Harrison v. Jones*, 880 F.2d 1279, 1283 n.4 (11th Cir. 1989).  It must also be remembered that "state courts, like their federal counterparts, are busy institutions, with their own caseloads to manage," *Escareno v. Noltina Crucible and Refractory Corp.*, 139 F.3d 1456, 1461 (11th Cir. 1998), and unnecessary certified questions – whether accepted or declined by the state court – can burden an already heavily loaded state system.  Finally, "[i]n addition to the usual considerations," a federal court

---

[1] The Eleventh Circuit continues to employ these factors.  *Royal Capital Development, LLC v. Maryland Casualty Co.*, 659 F.3d 1050, 1054 (11th Cir. 2014).

should consider "an amazing irony[:] [the defendants], which now pra[y] for an opinion from a[n] [Alabama] court, … remove[d] the case from the jurisdiction of the state courts." *Smigiel*, 785 F.2d at 924.

The bottom line is that "federal litigants have no right to insist upon certification," even as to "difficult or uncertain questions of state law," and the federal courts "will continue to exercise discretion and restraint in deciding to certify questions to state courts." *Escareno*, 139 F.3d at 1461.

The defendants address none of these concerns.  Instead, after having chosen to abandon a state forum, and after having chosen to pursue a motion to dismiss rather than a motion for certification, they now seek effectively to return to state court in an effort to undo the unfavorable ruling they themselves solicited, based on nothing more than the mere fact the certification procedure exists and, they feel, could result in a more favorable ruling.  (Doc. 44 at 1-2).

The threshold problem with certification is that the question the defendants pose is not "determinative of the cause," as required by Rule 18(a).  The defendants deny that Fannie Mae was the "mortgagee" for purposes of the rules expressed in *Springer* and *Davis*, because it had assigned the mortgage to Wells Fargo.  (Doc. 18 at 7-11).  The Court rejected this argument as unsupported, (Doc. 34 at 5), but the defendants insist they have "not abandon[ed]" it.  (Doc. 44 at 2). Thus, while the certified question would be determinative of the action were it answered favorably to the defendants (i.e., the defendants would win the lawsuit), it would not be determinative of the action were it answered favorably to the plaintiff (i.e., the defendants could still win the lawsuit).  When, as here, the proposed certified question addresses only "one of two alternative theories of defense," it is not "determinative of the outcome of the case," and certification is properly denied.  *First Alabama Bank v. Aetna Insurance Co.*, 607 F.2d 676, 680 (5th Cir. 1979).

Nor is the Court persuaded that the question presented is so close, and the existing sources of state law so unsatisfactory, as to render the Court's ruling

"conjectural" rather than "principled."  *Shevin*, 526 F.2d at 275.  *Springer* and other cases point directly to the conclusion reached by the Court,[2] and it is the defendants' vague reliance on "public policy" and a "clear balance" of rights and duties, (Doc. 18 at 16-19), that appears conjectural – especially given that the Alabama Supreme Court presumably has already taken such considerations into account in saddling mortgagees with the duties of a "trustee" in connection with excess receipts from foreclosure sales and post-foreclosure resales.  As in *Jennings v. BIC Corp.*, 181 F.3d 1250 (11th Cir. 1999), "existing [Alabama] law provides substantial confidence in how the [Alabama] Supreme Court would rule on the question."  *Id.* at 1254 n.2.  Thus, "[w]e do not consider certification appropriate in this case."  *Id.*

The remaining factors are of lesser significance and do not appreciably counsel in favor of certification in any event.  The delay inherent in certification, and the unnecessary imposition on a busy state court, of course weigh against certification.  No particular comity issue is evident; the factual scenario giving rise to the request for certification could conceivably arise again, but the "likelihood of recurrence" to which the *Shevin* Court referred focuses on "ordinary, repetitive" questions "involving literally hundreds" of recurring instances.  *See Barnes v. Atlantic & Pacific Life Insurance Co. of America*, 514 F.2d 704, 706 (5th Cir. 1975) (cited by *Shevin*, 526 F.2d at 275 n.29).  It appears the defendants have framed the issue in a manner that would produce a helpful response, but that by itself falls far short of justifying certification.

---

[2] The defendants pounce upon the Court's statement that "'*Springer* leaves that question open.'"  (Doc. 47 at 2 (quoting Doc. 34 at 3)).  This language does not, as the defendants assume, mean the Court believes that "*Springer* does not provide a clear answer to the question presented."  Doc. 47 at 2.  All it means is that the *holding* of *Springer* does not of itself answer the question; as discussed in the Court's order, however, *Springer* (reinforced by *Davis* and other cases) leads directly to the conclusion reached by the Court.

**CONCLUSION**

For the reasons set forth above, the motion to certify is **denied**.[3]


DONE and ORDERED this 7th day of October, 2015.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The defendants suggest that this battle is not yet over and that they intend to re-argue, on motion for summary judgment and at trial, that a mortgagee has no duty to remit to its mortgagor the excess over indebtedness received upon resale within the redemption period.  (Doc. 47 at 1).  The Court cannot prohibit the defendants from beating this dead horse, but any such effort would in substance constitute a motion to reconsider the Court's ruling on motion to dismiss, and the legal grounds for entertaining such an effort are exceedingly narrow.  *E.g., Dunavant v. Sirote and Permutt, P.C.*, 2014 WL 2885483 at *3 (S.D. Ala. 2014).