IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHERYL WILLIAMS,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No.: CV-15-00164-WS-N |
| | * | |
| **WELLS FARGO HOME MORTGAGE,** | * | |
| **INC.; FEDERAL NATIONAL** | * | |
| **MORTGAGE ASSOCIATION,** | * | |
| | * | |
| Defendants. | * | |

___

**SUPPLEMENTAL NARRATIVE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
___

**COMES NOW** Plaintiff Cheryl Williams, by and through counsel, and in support of her Motion for Summary Judgment (Doc. 57), and hereby supplements her previously filed Narrative Statement of Undisputed Facts (Doc. 58) as follows:

**SUPPLEMENTAL NARRATIVE STATEMENT OF UNDISPUTED FACTS**

**D.**   **Net Proceeds from Post-Foreclosure Sale to the Eschetes**

On February 26, 2013, Fannie Mae sold the property to Marshall and Susan Eschete for the sales price of $380,000.00. (Doc. 58, Exhibit 7). Fannie Mae does not dispute that the difference between the foreclosure sale price ($266,137.97) and the gross resale price ($380,000.00) is $113,862.03. (Doc. 69, p. 3). There is likewise no dispute that the foreclosure price of $266,137.97 constitutes a "full debt" sale. In other words, that amount represents the total amount owed under the note at the time of the foreclosure. (Doc. 70, ¶ 11). Thus, the surplus generated from the post-

foreclosure sale over and above what was owed on the loan was $113,862.03.[1]  This constitutes the principal amount owed to Plaintiff on her claims.

Additionally, Plaintiff seeks prejudgment interest.  In a diversity action, state law controls whether a party is entitled to prejudgment interest.  Hand Arendall, LLC v. Joiner, 2012 WL 4323190, at slip op., p. 1 (S.D. Ala. Sept. 20, 2012).  A judgment for money owed under contract, express or implied, may include prejudgment interest at the rate of 6% per annum.  Ala. Code Sections 8-8-1 & 8-8-8 (1975); Id., see also Rhoden v. Miller, 495 So.2d 54, 58 (Ala.1986); Cahaba Disaster Recovery, LLC v. Rodgers, 2012 WL 253437,  slip op., p.  8 (S.D.Ala.2012).  Therefore, Plaintiff is entitled to prejudgment interest at 6% per annum running from the date of the sale (February 26, 2013) to the date of judgment.

Plaintiff is entitled to a judgment as a matter of law against Fannie Mae in the amount of $113,862.03, plus interest and costs.

                                                     Respectfully submitted,

                                                     /s/ *Kenneth J. Riemer*
                                                   KENNETH J. RIEMER (RIE003)
                                                   Attorney for Plaintiff
                                                   Underwood & Riemer, P.C.
                                                   P. O. Box 1206

---

[1] Sums were paid from the sales proceeds for real estate commissions and other claimed expenses and the parties have stipulated as to the *amount* of those items.  (See Doc. 63, ¶¶ 4 & 6; Doc. 70, ¶¶ 14-15).  However, Plaintiff does not concede that Fannie Mae is legally entitled to deduct any claimed expenses from the proceeds due to her.  Moreover, Fannie Mae has made no claim or counterclaim for any set-off or recoupment, nor has it asserted any affirmative defense to that effect.  It is, therefore, not entitled to any deduction.  J.C. Lysle Milling Co. v. N. Alabama Grocery Co., 201 Ala. 222, 223, 77 So. 748, 749 (1917) (claims for set-off or recoupment must be affirmatively plead).

                                        Mobile, AL 36633
                                        Telephone: 251-432-9212
                                        kjr@alaconsumerlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 21, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                        s/ *Kenneth J. Riemer*
                                        KENNETH J. RIEMER